IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| FABIAN ARGUIJO<br>TDCJ #02147449,<br><br>    Petitioner,<br><br>v.<br><br>DIRECTOR, TDCJ-CID,<br><br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:23-CV-0205-Z-BR |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Fabian Arguijo ("Arguijo") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF 3). Having considered the petition, the response, the record and applicable authorities, the Court concludes that Arguijo's habeas application should be DENIED for the reasons set forth below.

**I. FACTUAL BACKGROUND**

On June 30, 2017, Arguijo was convicted of the first-degree felony of injury to a child in Deaf Smith County District Court and was sentenced to 75 years of confinement. (ECF 16-3 at 68, 76). He filed a direct appeal, and on October 5, 2018, the Seventh Court of Appeals affirmed Arguijo's conviction. (ECF 16-16); *see also Arguijo v. State*, No. 07-17-00240-CR, 2018 WL 4856541 (Tex. App.--Amarillo 2018). The Texas Court of Criminal Appeals refused Arguijo's petition for discretionary review on February 6, 2019. *Arguijo v. State*, No. PD-1164-18 (Tex. Crim. App. 2019) (ECF16-19). Arguijo filed a state petition for writ of mandamus before the Seventh Court of Appeals on December 15, 2022, seeking jail time credits and relief from any

obligation to repay court-appointed attorneys' fees of $16,000.[1] *See In re Arguijo*, No. 07-22-00367-CR, 2022 WL 17834352 (Tex. App.--Amarillo Dec. 21, 2022). His mandamus petition was denied on December 21, 2022. (*Id.*) Arguijo did not file a state application for writ of habeas corpus. (ECF 1).

Arguijo filed this petition on August 30, 2023, seeking five months of jail time credits that he contends he is due. (*Id.* at 10). Respondent argues, however, that this petition is untimely and barred by the statute of limitations. (ECF 19). Arguijo did not file a reply brief.

## II. LEGAL ANALYSIS

A state prisoner ordinarily has one year to file a federal habeas petition, starting from the date upon which the judgment of conviction became final by "the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Arguijo's petition for discretionary review was refused on February 6, 2019. (ECF 16-19), so his conviction became final 90 days later, on May 7, 2019, when the time for filing a petition for certiorari expired. *See Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("the conviction becomes final when the time for seeking further direct review in the state court expires"); TEX. R. APP. PRO. 26.2(a). Consequently, the one-year period for Arguijo to timely file a federal habeas petition expired on May 7, 2020, absent tolling.[2]

Because Arguijo did not file a state habeas petition, he is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). To the extent Arguijo's petition argues for equitable tolling, he claims that his attorney did not pursue any appeals other than the direct appeal, and did not address

---

[1] However, in his direct appeal, the state appellate court had modified the judgment against Arguijo to remove the requirement to repay attorneys' fees. *In re Arguijo*, 2022 WL at *1 n.1.

[2] Arguijo does not allege a state-created impediment that prevented timely filing of his claims, nor does he base his claims on any new constitutional right. Further, the facts supporting his claims became or could have become known prior to the date the deferred adjudication order became final. Therefore, the provisions of §§ 2244(d)(1)(B)-(D) do not change the accrual date for his claims.

the jail time credit issue in his direct appeal. (ECF 1 at 9). A party seeking an extension of the statute of limitations on equitable grounds has the burden of showing entitlement to such tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations omitted). A petitioner must pursue the habeas process with "diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). The burden of proof rests with the petitioner, who must meet both prongs of the equitable tolling test. *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013).

First, the petitioner must demonstrate "reasonable diligence [in pursuing his rights], not maximum feasible diligence." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653). There is no temporal cut-off for diligence, but "'delays of the petitioner's own making do not qualify' for equitable tolling." *Clarke*, 721 F.3d at 344. Arguijo's petition does not address the efforts he made to file a timely petition, and he did not file a reply brief to address Respondent's contention that his petition is untimely. However, even assuming that Arguijo diligently pursued his post-conviction remedies, he still has not shown that "extraordinary circumstances" kept him from filing such that equitable tolling is applicable. The extraordinary circumstances prong, as the term "extraordinary" suggests, will only rarely be met. *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).

Lastly, although Arguijo asserts that his trial counsel rendered ineffective assistance during his trial, he does not allege that his attorney caused him to miss the limitations period. *Vineyard v. Dretke*, 125 F. App'x 551, 553 (5th Cir. 2005) (per curiam) (equitable tolling applicable when an

attorney affirmatively misinforms his client and causes him to miss the limitations period). Consequently, equitable tolling is unwarranted.

As shown above, Arguijo's petition is untimely. Therefore, his petition should be denied with prejudice.

### III. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Court of Appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, the petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). When a district court denies a motion on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, it is recommended that reasonable jurists could not debate the denial of Arguijo's § 2254 motion on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. *See Miller-El*, 537 U.S. at 336-37 (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that the Court find that Arguijo is not entitled to a certificate of appealability on all claims presented.

### IV. RECOMMENDATION

For the reasons stated above, the United States Magistrate Judge recommends that the

petition for a writ of habeas corpus filed by Fabian Arguijo be DENIED with prejudice and a Certificate of Appealability be DENIED as to all claims presented.

## VI. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 24, 2024.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).